Bentley, J.
The plaintiff, in his petition filed February 7, 1891, in the court of common pleas, sets up, in substance, that he was once the owner of a certain two acres of land in this county; and he claims still to be at least the equitable owner of the property. He says that while he was the owner of it, his wife, Elizabeth Maloney, the defendant in error here, brought an action against him for divorce and alimony.
In this petition he charges that the defendant, Elizabeth Maloney, caused him to be incarcerated in jail, under a criminal charge made by her,but which was false, and that while he was thus incarcerated, upon a groundless charge, she procured a deed to be made by him to a third party and by that third party to herself, of this land in question. That this was at least one of the purposes of her action in having him incarcerated; and that while he was in great distress and subject to anxiety and the disabilities of his position, this deed was obtained by her from him, by duress, and that it was without any consideration. He says that soon after he was .discharged, having made this deed, he demanded of her a reconveyance, and notified her that the *701 deed was wrongful, and that it should be of no effect, and demanded a reconveyance of his life estate in the property which was then and since has been the home of the plaintiff. His petition proceeds: “And thereafter, during the month of November, 1881, for the purpose of rectifying the wrong done to the plaintiff, as aforesaid, the defendant consented to, and did convey said propert}7, by deed to Lizzie Dullaghan, as trustee, and said Lizzie Dullaghan thereupon duly executed and delivered a deed of said premises to this plaintiff, thereby reconveying the same to him. But the plaintiff says that before said deed so executed and delivered had been recorded, and while it was yet in his possession, the same was wrongfully, and without the plaintiff’s knowledge, removed and taken away from his possession by persons and means unknown to the plaintiff; and he has not since been able to get possession of the same, although he has made diligent efforts to do so. Plaintiff further says that defendant now refuses to re-execute the deed aforesaid, and claims to own and hold said property, and has since rented said property, and caused it to be taken from the possession of the plaintiff, and he is now unable to get possession of the same although he has frequently demanded such possession. Plaintiff says that the marital relation heretofore existing between said parties has been legally dissolved, and they are not now husband and wife. Wherefore the plaintiff prays that his rights in such premises be established and declared by the court; and that the same be decreed to him; that saidlast mentioned deed be ordered re-executed; that he be given possession of said premises, and for such other and different relief as shall be found just and equitable.”
That is, he says, that in 1881 the legal title of these premises was conveyed to him; that some time afterwards. — it does not appear when — the deed by which the title was re-conveyed to him, before being recorded, was taken from his possession by some person unknown to him. He does not charge the defendant with abstracting the deed; he does not put her in the wrong in tne matter of taking the deed, except that she refused to re-convey to him — refused to re-execute the deed, and says that she has rented the property, and that he is no longer in possession of it.
That is, the petition would indicate that the legal title of these premises was, in fact, in him; that he has lost his deed, and he wants the person who conveyed to him by the deed, to re-execute it, that person not being charged with any wrong except that she ignores the deed and holds possession of the premises. This occurred in 1881.
*702 The defendant answered in this case, setting up various defenses, tending to show that she had a right in the premises; and for a third defense she alleges that, on the 21st of Febri ary, 1890, she began an action for divorce and alimony against the present plaintiff m error, who was then her husband, in the court of common pleas of Erie county, alleging certain reasons for the granting of a divorce and alimony, and in that petition in the divorce case, she made allegations as to certain personal'property that the defendant had, and alleged also (among other things), that she was the owner in her own right of an interest in the real estate described in plaintiff’s petition in this case; to which divorce and alimony petition plaintiff answered, alleging that on the 10th day of March, 1881, he deeded to one Hiram Hosford, and Hiram Hosford deeded to defendant, said premises; and making no claim whatever that said premises had ever been deeded back to him, or that he was the owner or held the legal title to the same; that said statements and allegations contained in said petition and answer were material to the issues in said case, and were considered and taken into account by the court in the making up of and rendition of its judgment upon the final hearing of said action for divorce upon its merits; by reason of which plaintiff, in this action, is estopped from claiming any right, title or interest in or to said real estate described in his petition.
In reply to her answer he says: “That except the fact that said defendant filed her petition for divorce, he denies all and singular the statements and allegations contained in the first, second and third pretended defenses in said answer contained.
“By way of answer and reply to the so called ‘fourth defense’ and cross-petition in said answer,he denies that at the trial of said divorce proceedings in the common pleas court of Erie county, Ohio, this plaintiff claimed or admitted that said defendant was the owner of the premises in the petition described. ”
A portion of the answer that I have read was inserted by interlineation, and after filing his original reply, the plaintiff filed a reply to the amendment to defendant’s answer (made by interlineation), which reads as follows:
“Reaffirming all and singular the allegations and statements contained in the original reply to additional allegations inserted into defendant’s answer by interlineation, says: That at the time of the trial referred to in said *703 defendant’s answer, the court of common pleas, upon finding that the property in question was real estate; that it was situated in the county of Huron, and not in Erie county; that fraud is charged in its procurement by said Elizabeth Maloney from J. W. Maloney, and that the pleadings were likely to be amended, raising all of said questions, the said court, by Judge DeWitt, its presiding judge, thereupon expressly dismissed from said proceeding all matters relating to said land in the courts of Huron county, Ohio, at the same time stating that all matters as to said land he would leave to be settled by the courts of Huron county. By inadvertance, no record was made of said finding and order, but the court proceeded to find upon all other issues, except only the one above referred to.”
The record of the trial of thi3 case in the court of common pleas may be said to be somewhat out of the usual order of things. The journal entry, showing what was done, is as follows:
“October term, towit, December 16, 1893. This cause coming on to be heard on the question of res judicata, was submitted to the court on the pleadings and evidence, and on consideration thereof, the court find on the issue submitted for the defendant. It is therefore adjudged and decreed that the defendant recover her costs herein expended, taxed at $--, and that the plaintiff’s petition be dismissed, to all of which finding and order and judgments the plaintiff then and there excepted. And the plaintiff thereupon gave notice of appeal and the bond for appeal was thereupon fixed at $200. ”
The next entry is this:
“October Term, towit, February 6, 1894. Now comes the plaintiff, and presents to the court his certain bill of exceptions herein, which, being found by the court to be true, is allowed, singed and sealed, and on motion is hereby made part of the record of this case. ”
It will be observed that in the journal entry there is no mention of the filing of a motion for a new trial, or any disposition of a motion for a new trial. It has been held at various times by the Supreme Court of Ohio and succinctly in the case of Everett, Weddell & Co. v. Sumner 32 Ohio St. 562, that there are no exception to the rule which requires the making and overruling of amotion fora new trial in the trial court, in order to afford any basis for the allowance of a bill of exceptions, bringing upon the record all of the testimony in the case with reference to disturbing the judg *704 ment of the court of common pleas upon the effect and weight of the evidence itself. Hoes this present that sort of a case, where a motion,for a new trial is necessary to present the question sought to be made here? There was no motion for a new trial. The counsel proceeding upon the idea, I suppose, that the question of res adjudicata being alone presented to the court of common pleas, it was simply called upon to construe the effect of the record, and that to review it does not require an examination of all of the evidence, nor the overruling, of a motion for a new trial.
Now, what is already presented by the bill of exceptions in this case is this: The defendant presented in evidence the record and proceedings in the divorce and alimony case in the court of common pleas of Erie county. -It contained no adjudication .whatever regarding this land. Thereupon the parties introduced evidence upon the one side and upon the other — one party introducing evidence tending to show that the judge of the court of common pleas of Erie county,in disposing of the case, had said that as the pleadings showed that this land in question was already the property of Mrs. Maloney, no adjudication or order regarding thafwas necessaiy, and therefore none was made. The other party introduced evidence tending to show that what the court of common pleas said was, that, as there was a controversy regarding this matter, he had no jurisdiction of the land's because they were situated in Huron county, and therefore would take no jurisdiction in the matter, or attempt to settle anything regarding it.
Assuming now that the bill of exceptions is properly here, as we think it is, (the case having been commenced prior to the change of the statute, regarding the time when bills of exceptions should be allowed), taking the bill of exceptions as it is, it shows that the court of common pleas of Erie county, in fact, made no order touching this real estate. Not only is the record silent upon it, but, taking the testimony of either party, there was, in fact, no adjudication of the title to this real estate.
We think that the real matter presented by the pleadings touching that case in Erie county, is not the res adjudicata, but the question of estoppel by conduct. In that case, the plaintiff, in Erie county, in her divorce and alimony suit, had alleged that she was the owner of an interest in the land described. J. W. Maloney, the husband, filed an answer in that case, and instead of denying that, set up affirmatively that the whole title had been conveyed to her through the *705 interposition of one Hosford to whom she had deeded it. So that as he allowed the pleadings to stand, they presented the claim upon the part of the plaintiff in that action that she owned “an interest” in these two acres, and the statement on the part of the defendant in that action that the whole title was in her, with no suggestion whatever that the title had been or ought to be taken away from her in any way, except that he stated in his answer in that case that the deed had been made without consideration; but his said answer also stated affirmatively why the deed was made, and the facts thus alleged in his answer show that there was, in fact, a consideration.
In that case, the court of common pleas, under the statute, had the right to consider any property that the husband might have owned in determining what it should do in awarding alimony. Rut- the husband himself answered in the case, and alleged that the title to that, real estate that she was then asking for as alimony, was already deeded to her, and the whole case went off upon that basis.
Now, some eight or nine years after that, he files this proceeding in this case. When this case was presented to the court of common pleas upon the trial, its conclusions depended upon the evidence that should be brought before the court. One part of the evidence was the record of the court of Erie county, and the other evidence was in the form of testimony delivered orally by witnesses.
There was a conflict in that testimony. The court of common pleas in this case was called upon to determine whether or not this man was estopped from porceeding in this action and obtaining again the evidences of title of this real estate, or interfering with the title.
After the court had taken that evidence and all the testimony into consideration, it came to a certain conclusion. The real gist of the claim here is, that the court of common pleas erred in determining upon the probative force of the evidence which was thus introduced before it; that after reading this record from Erie county and hearing this proof, it was the duty of the court of common pleas to come to a different conclusion as to the final fact that ivas thereby proven. It found, as appears by the record, that the matter was res adjudicata; at least, found against this claim of the plaintiff. In fact, if we were to consider it, we should think it made a case of estoppel, technically, rather than res adjudicata. But, however that may be, for a reviewing court to pass upon the question, it was necessary that a motion *706 for a new trial be filed, and upon the overruling of that motion, a bill of exceptions might have brouught all of this evidence upon the record, and we might have considered it.
Andrews Bros., for Plaintiff in Error.
J. JR. JMJeKnight, for Defendant in Error.
Now, the bill of exceptions recites that what is embodied in it was all the evidence introduced, by either party in that action, and that at the close of it, the court having considered the evidence, dismissed the whole proceeding. We think it presents a case where it would be improper for this court to interfere with the judgment of the court of common pleas. Not only is it a case that we could not rightfully consider for want of a motion for a new trial, and the overruling of the motion, etc.: but even if that were not so, and if we could consider it as if it were properly here, we think it presents a very strong case of estoppel, which would lead to the same result, the dismissing of the action; therefore the judgment of the court of common pleas will be affirmed.